## Case No. 127.

### ALABAMA & C. R. CO. v. JONES.

[7 N. B. R. 145.]

Circuit Court, S. D. Alabama.

RECEIVERS—JURISDICTION OF CIRCUIT COURTS AND
STATE COURTS—BANKRUPTCY—FILING PETITION
—AMENDMENT—REVIEW.

[1. A United States circuit court will not
appoint a receiver of the property of an insolvent railroad company of which receivers have
been appointed by another circuit court and by
chancery courts of other states, having jurisdiction, even though such receivers are delinquent in discharging their duty.]

[Cited in Young v. Montgomery & E. R. Co.,
Case No. 18,166.]

[See In re Alabama & C. R. Co., Case No.
124.]

[2. Where the record of the district court
shows that a petition in bankruptcy was not
filed on the same day that an order to show
cause was made thereon, if in fact the petition
was filed on that day, an order may be entered
by the district court nunc pro tunc correcting
the date of filing.]

[3. The record of the district court showing
that a petition in bankruptcy was filed at a
particular time is conclusive, and cannot be
contradicted by parol testimony.]

[4. Where the record of the district court
shows that the judge ordered a petition in
bankruptcy to be filed, and made an order to
show cause thereon, it will be presumed that
the petition was filed before or contemporaneously with the order to show cause unless the
record shows the contrary.]

[5. A person not a party to a bankruptcy
proceeding in the district court cannot file a
petition in the circuit court for review thereof.]

[6. Proceedings by assignees or registers in
bankruptcy, not passed upon by the district
court, cannot be availed of as error on review
in the circuit court.]

[In equity. Motion for appointment of receiver of property of the Alabama & Chattanooga Railroad Company, and for an injunction to restrain a sale of said property in
proceedings in bankruptcy against said company in the district court of the United
States for the middle district of Alabama.
Heard on reargument of said motion, and
also on petition of Sylvester Stephens, for
review of the decree of the district court
adjudicating the company bankrupt, argued
at the same time. For opinion on former
hearing of motion, see Blake v. Alabama &
C. R. Co., Case No. 1,493; for opinion reversing a former adjudication of bankruptcy against the company, upon petition of
the company for review thereof, see Alabama & C. R. Co. v. Jones, Case No. 126.
Motion denied on reargument, and petition
of Stephens for review dismissed.]

Walker & Murphey, for William A. C.
Jones, petitioning creditor in bankruptcy, respondent.

WOODS, Circuit Judge. These causes
have been argued and submitted together.
The first is heard upon a motion for the appointment of a receiver, to take into possession the property of the Alabama and Chattanooga Railroad Co., and for an injunction
to restrain a sale of said property by the
bankrupt court of the middle district of Alabama. The question of the appointment of
a receiver was long and ably argued at the
last term of this court, and the motion to
appoint was denied; but on the suggestion
of counsel that a new fact had come to
their knowledge which would remove the
obstacle which the court found to the appointment of a receiver, the motion was
continued. It turns out, however, that the
supposed fact did not exist, and the motion
has now been argued on substantially the
same facts as at last term. I have listened
with patience to the very able arguments
submitted for the motion, but have not been
able to reach any different conclusion from
that announced heretofore.

The proposition of complainant is that
this court shall appoint a receiver who shall
wrest the property in controversy from the
custody of the circuit court of the United
States, for the southern district of Mississippi, and from the state chancery courts of
Alabama, Georgia and Tennessee. These
state chancery courts are courts of general
jurisdiction, with powers just as large as
the powers of this court, and just as competent to administer full relief. If this were
not true, yet it will certainly not be denied
as respects the United States circuit court
for Mississippi. The jurisdiction of that
court is precisely the jurisdiction of this; it
as fully represents the powers of the high
court of chancery of England as this. The
complainant here could get the same measure of relief in that court as could be administered in this. By what right can he
ask this court to stretch its hands beyond
the limits of its territorial jurisdiction and
wrest property from the court, of which it
has acquired jurisdiction, which is in gremio
legis and in process of administration by
that court? The fact that the complainant
raises questions here, as he claims, which are
not raised in the suits referred to, does not
authorise this court to take from those
courts the property which they have under
their control. This court may pass upon
questions not raised in the other courts,
even between the same parties and relating
to the same, but no case can be found authorising this court to interfere with the
property in the possession of other courts
of concurrent jurisdiction.

The fact that the receivers appointed by
three other courts are not doing their duty,
or have in any degree abandoned the property, does not authorise this court to interfere. The receivers are responsible to the
courts which appointed them, and to those
courts alone. Appeal should be made to
the court which appointed them, and any redress for their misconduct must be sought
there. Nor can a question of the jurisdiction
of those other courts be made here, so as to

deprive them of their custody of the property. That question should be first made to the courts exercising the jurisdiction, and not here. But as I decided at the last term, and as it is alleged the supreme court of this state recently decided, I believe the jurisdiction of the courts referred to is complete over the subject matter of the suits and the parties. This jurisdiction having been first acquired, controls, and cannot and should not be interfered with by this or any other court. I am therefore constrained, as heretofore, to deny the motion for the appointment of a receiver.

At the last term of this court I expressed the opinion that the adjudication in bankruptcy of the Alabama and Chattanooga Railroad Co., was, as presented at that time by the record of the bankrupt court, a void adjudication. The ground of this opinion was that the order to show cause was made on the fifteenth of September, eighteen hundred and seventy-one, and the petition was not filed, as appeared by the record, until the nineteenth day of September following. The holding was that the commencement of the proceedings was the filing of the petition, and no valid order could be made until the proceedings were commenced. Since the last term of this court, a nunc pro tunc order has been made in the bankrupt court by which the date of the filing of the petition has been corrected. By the record, as amended, it appears that the petition was filed on September fifteenth, eighteen hundred and seventy-one, at twelve o'clock M. This record as amended, if the amendment is properly made, we are bound to take as the record of the court, and to regard it precisely as if it had originally shown the true date of the filing to be September fifteenth. It is objected that the amendment was not properly made, because there was nothing of record to amend by. Whether this is necessary in the mere matter of the date of the filing of a petition, a purely ministerial act, it is unnecessary to decide. It seems to me, however, that there are two sufficient answers to the objection. The first is, that every court has power to alter and amend its records so as to conform to the truth, during the term to which the record relates. In the bankrupt court, so far as relates to each particular case, there is but one term. The terms of the bankrupt court are not divided by vacations. The first section of the bankrupt act provides "that the said (the bankrupt) courts shall be always open for the transaction of business." So that, from the beginning of a proceeding in bankruptcy to its termination, there is but one term. Now, can it be claimed with any show of reason, that during the pendency of proceedings in a particular case, the court could not, upon the representation of the clerk that he had omitted to file-mark a particular paper, or had filed it of a wrong date, and upon being satisfied of the truth of the representation, order him to file the paper as to [of] the date when lodged in his office? To do this would be exercising a power exercised almost every day by courts in term time; a power, too, generally exercised without the formality of a written order, entered upon the minutes.

But second: it appears from the record that the amendment in question was made upon proof satisfactory to the court, and even if it were necessary to amend by the record, this court is bound to presume that the evidence offered in support of the amendment was legal and sufficient. This court must presume that the bankrupt court acted in good faith, that it did its duty, and when its record shows that a certain fact was found on satisfactory proof—that the proof was legal and conclusive.

So we have the record of the bankrupt court, showing that the petition in bankruptcy was filed on September fifteenth, at twelve o'clock M. Can this record be impeached in this court? The authorities are adverse to the proposition. [Craig v. State of Missouri,] 4 Pet. [29 U. S.] 465; Mankin v. Chandler, [Case No. 9,030;] [Scott v. Shearman,] 2 W. Bl. 977; [The Mary,] 9 Cranch, [13 U. S.] 144; [Williams v. Armroyd,] 7 Cranch, [11 U. S.] 423, 432; [Walden v. Craig's Heirs,] 14 Pet. [39 U. S.] 147; [Com. v. Messenger,] 4 Mass. 467; [Putnam v. Man,] 3. Wend. 202; [Legro v. Lord,] 10 Me. 163. When the court has found upon a jurisdictional fact, it is conclusive. The record here shows that upon proof submitted the fact in question was passed upon by the court. It is res adjudicata, and cannot be contradicted by parol testimony. It is not denied that the petition in this case was filed at some time. The filing of the petition gave the court jurisdiction of the case. It became a case in the court and was properly there. Being a case in court, the court had the power and jurisdiction to make the record of the proceedings conform to the truth, and if the truth was that the petition was filed on a certain day, it was within the power of the court to make the record speak that fact.

We must take it as a conclusively established fact that the petition was filed on the fifteenth of September, eighteen hundred and seventy-one, at twelve, M. The order to show cause, however, states that "before the filing of the petition the same was presented to the circuit judge for his order." But the record also shows that on the same day that the circuit judge made the order to show cause, and prior to making the order, he directed the proofs and petition to be filed. As the present record shows that the petition was filed on the same day at noon, so that it is the result of the entire record either that the petition was filed before the order to show cause was signed, or contemporaneously with the order. This is the way the record reads: "Before the filing of the foregoing petition and proofs the same was submitted to the circuit judge, who, having read

the same, now orders said petition and proofs to be filed." (The record shows this was done at noon of that day.) Then follows the order of the judge to show cause. All things are presumed to be rightly done. It is to be presumed, unless the record show the contrary, that when the judge ordered the petition to be filed it was done either before or contemporaneously with the making of the order. Taking the record as it now stands it is impossible to say that the order to show cause was made before the filing of the petition. The fair intendment of the record is otherwise. The ground, therefore, upon which I expressed the opinion at the last term, that the adjudication was void for want of authorised service upon the bankrupt, is taken away by the amended record now presented. The amendment has been made by the proper court having the authority, and this court is constrained to hold that it was rightly and truthfully done.

But it appears to me that the present petitioner is not authorised to complain of this adjudication in this court. A revisory petition can only be filed by a party aggrieved. Until adjudication there are but two parties to an involuntary petition in bankruptcy—the petitioning creditor and the debtor. The latter, and the latter only, can complain of the adjudication. In the very nature of the case, he is the only party who can be aggrieved by the adjudication. A creditor, even one who has proved his debt, cannot come in after the adjudication and seek to have it reversed, for the obvious reason that he was not a party to the proceedings of which he complains.

The other matters complained of in the petition do not seem to me to present any subject for the revisory power of this court. It is not every proceeding in a bankrupt case that this court is authorised to review. This court is not empowered to pass upon the doings and actings of the registers or assignees or creditors. The "case" or "question" presented here for revision must be a case or question fairly presented to and passed upon by the bankrupt court. That is the court of first resort. To that court first must the question and the proofs be presented, and if that court errs upon the question presented, then, and then only, can resort be had to this court. A party cannot come to this court in the first instance to make his case or question. Thus, in the case of Bailey v. Whitfield, [Case No. 748,] this court, when asked to set aside an alleged fraudulent sale of real estate ordered by the bankrupt court and made by the assignee, refused to do so, because the motion had not first been presented to the bankrupt court, holding that we could only review the action of the court and not the action of the assignee.

The result of these views is, that the petition of review, taken in connection with the record of the bankrupt court as now shown, does not present a case which authorises this court to reverse the bankrupt proceedings. The petition of Stephens must, therefore, be dismissed.